0372

Ralph L. HUTCHINS, Appellant, v. SOUTH CAROLINA BUDGET AND CONTROL BOARD; DIVISION OF GENERAL SERVICES, Respondent.

(327 S. E. (2d) 353)

Court of Appeals

*Timothy G. Quinn,* of *Ellison, Quinn & Connor,* Columbia, for *appellant.*

*Craig K. Davis* and *Malcolm E. Rentz,* Columbia, *for respondent.*

Heard Nov. 15, 1984.

Decided Jan. 21, 1985.

GARDNER, Judge:

Ralph L. Hutchins (Hutchins) brought this action pertaining to his employment with the Division of General Services of the South Carolina Budget and Control Board (Division) seeking certain relief relative to his employment with the Division. The trial judge sustained a demurrer to the petition. We disagree and reverse.

Hutchins' petition alleges, *inter alia,* that (1) he was discharged from employment by the Division on November 30, 1981, (2) on December 8, 1981, he sought a conference with his immediate supervisor as the first step required in the administrative procedure prior to appealing an adverse decision to the State Employee Grievance Committee as provided by Title 8, Chapter 17, Code of Laws of South Carolina (1976), (3) by hand-delivered letter of December 11, 1981, he was advised that the conference with his immediate supervisor was set for that afternoon, December 11, 1981, or the following Monday, December 14, 1981, (4) his attorney was involved in the trial of a case in Marion, S. C. on December 11, 1981, and requested an extension of time for the conference until the next Tuesday, which was granted, (5) when it appeared that his attorney would be unable to meet the Tuesday date for

the conference, his attorney requested that the conference be postponed until the next day, Wednesday, December 16, 1981, and (6) thereupon, the attorney for the Division notified him that because the conference with his immediate supervisor was not held by December 11, 1981, (within three days after written notice that he intended to exert his rights as a state employee), he was barred from his right of appeal[1] to the State Employee Grievance Committee. The prayer of the petition sought, *inter alia*, an order requiring Hutchins' immediate supervisor to proceed with the grievance procedure.

The trial judge sustained the demurrer on the grounds that the petition failed to state a cause of action because of the doctrine of sovereign immunity. The sole question, then, is whether the trial court erred by so ruling.

This is an action involving a statutory right of Hutchins arising from his employment contract with the State. Contract actions are not within the purview of suits proscribed by the doctrine of sovereign immunity. *Kinsey v. S. C. Dept. of Mental Health*, 272 S. C. 168, 249 S. E. (2d) 900 (1978).

For the reasons given, the appealed order is reversed.

Reversed.

SANDERS, C. J., and BELL, J., concur.

---

[1] This right of appeal is prescribed by Section B-17-40.